IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERELL LAMONTE ARMSTEAD,<br><br>Defendant. | Case No. CR11-0143<br><br>ORDER FOR PRETRIAL DETENTION |

On the 1st day of November, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Stephen A. Swift.

## I. RELEVANT FACTS AND PROCEEDINGS

On September 20, 2011, Defendant Terell Lamonte Armstead was charged by Indictment (docket number 11) with conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin within 1,000 feet of a school, after having been previously convicted of a felony drug offense(Count 1) and possession with the intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base and a mixture or substance containing a detectable amount of heroin, after having been previously convicted of a felony drug offense (Count 11). At the arraignment on October 5, 2011, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on December 5, 2011. However, on the Government's October 26, 2011 motion to consolidate and continue trial, the Court rescheduled trial to commence during the two-week period beginning on February 21, 2012.

1

At the hearing, the Government did not present any evidence regarding the circumstances underlying the instant charges, and relies on the information in the pretrial services report. According to the pretrial services report, Defendant is 30 years old. He was born and raised in Chicago, Illinois. Defendant moved to North Liberty, Iowa in 2007, and has lived in the Iowa City/Cedar Rapids area since that time. His mother and three siblings reside in Chicago. Defendant is single and has never been married. He has a four month old daughter from a prior relationship. The child and mother reside in Chicago. Defendant's girlfriend in Iowa, Rahel Ellen Andesen, testified at the hearing, and indicated that she was currently pregnant with Defendant's child.

Defendant is currently unemployed. He told the pretrial services officer that he has not worked since 2009. He stated that he was last employed by Shenker Logistics in Iowa City for three or four months in 2008.[1] Defendant is in good physical health. He has no past or present mental health or emotional concerns. Defendant reported using marijuana at least two times per week from age 18 until April 2011. Defendant also reported that he was regular user of heroin from 2009 until May 2011. He stated that he used heroin multiple times per day.

On April 8, 1998, at age 17, Defendant was charged and later convicted of possession of a controlled substance. He was given 1 year probation. In January 1999, while on probation, Defendant was arrested for criminal trespass to state land. That case was closed with a bail bond forfeiture. In April 1999, while still on probation, Defendant was charged with possession of marijuana. That charge was stricken from the docket with leave to reinstate. Defendant's probation on the possession of a controlled substance charge was terminated "successfully" on May 17, 1999.

On August 8, 2000, Defendant was charged with obstructing justice, resisting a peace officer, and aggravated battery of a peace officer or fireman. All of the charges

---

[1] Interestingly, Ms. Andesen, Defendant's girlfriend, testified at the hearing that Defendant had been employed in past year by a temporary staffing agency at a packaging company. According to the pretrial services report, Defendant stated that he was employed by Team Staffing, a temporary employment service, in 2007 for "a few months."

2

were stricken from the docket with leave to reinstate. On October 2, 2000, Defendant was charged and later convicted of manufacture or delivery of cocaine. He was given 3 years probation. In March 2002, while on probation, Defendant was charged with possession of marijuana. That charge was stricken from the docket with leave to reinstate. In December 2002, while still on probation, Defendant was charged and later convicted of possession of marijuana. On August 21, 2003, Defendant's probation on the manufacture and delivery of cocaine charge was "successfully" terminated.

On December 31, 2003, Defendant was charged with soliciting an unlawful business. The disposition of that charge is unknown. On March 26, 2004, Defendant was again charged with soliciting an unlawful business. The case was closed as a result of bail bond forfeiture. On January 11, 2005, Defendant was charged and later convicted of possession of marijuana. He was given 18 months "conditional discharge." In May 2005, while on conditional discharge, Defendant was charged with possession of marijuana and soliciting an unlawful business. Both charges were stricken from the docket with leave to reinstate. In May 2006, while still on conditional discharge, Defendant was charged with possession of marijuana. That charge was stricken from the docket with leave to reinstate. On August 1, 2006, Defendant's conditional discharge on the possession of marijuana charge was terminated "successfully."

On August 26, 2006, Defendant was charged with aggravated battery of a peace officer or fireman. The charge was stricken from the docket with leave to reinstate. On February 6, 2009, Defendant was charged and later convicted of driving with a revoked or suspended license. He was given 1 year conditional discharge.

On June 9, 2010, Defendant was charged and later convicted of a controlled substance violation in Linn County, Iowa. He was given a suspended sentence of 10 years in prison, and 3 years probation. On January 10, 2011, while on bond release for the controlled substance violation charge, Defendant was charged and later convicted of driving while barred, habitual offender. On May 31, 2011, while still on bond release for the controlled substance violation charge, and while on release on his own recognizance

3

on the driving while barred charge, Defendant was again charged and later convicted of driving while barred, habitual offender. On July 20, 2011, Defendant was sentenced to 5 days in jail on each of the driving while barred, habitual offender charges.

On September 6, 2011, while Defendant was on probation for the felony drug offense, Defendant was charged with driving while barred and possession of cocaine, second offense. At the time of his arrest, Defendant had approximately $2,400 in cash and 3 grams of crack cocaine in his possession. On September 7, 2011, Defendant posted bond on these charges. Trial is scheduled in this matter for December 19, 2011 in state court. On September 19, 2011, charges of violation of probation were filed against Defendant. An arrest warrant for Defendant was also issued on that date. The warrant was served, and Defendant was held in jail. The probation violation charges remain pending. A hearing is scheduled in state court on December 7, 2011.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin within 1,000 feet of a school and possession with the intent to distribute crack cocaine and heroin. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C). The Court also finds Defendant is a serious risk of flight, thereby authorizing detention pursuant to § 3142(f)(2)(A).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. Because the evidence regarding detention was submitted by the pretrial services report, the Court is unable to determine "the *weight of the evidence*." Defendant lacks a stable residence and stable employment. Defendant has

been convicted of multiple drug offenses. Defendant also has a history of committing offenses while on probation or pretrial release. Of particular concern to the Court is Defendant's most recent arrest – only eight weeks ago – where Defendant was found with a large amount of cash and crack cocaine in his possession. If convicted on the instant charges, Defendant faces a mandatory minimum prison sentence of 10 years. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Therefore, based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from Defendant's motion for detention review hearing (October 26, 2011) to the filing of this Ruling (November 2, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 2nd day of November, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA